IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENTUCKIANS FOR THE COMMONWEALTH, FRIENDS OF THE CHATTAHOOCHEE, and SIERRA CLUB ) ) ) ) | |
| Plaintiffs, ) | Civil Action No. 1:06-CV-00184 (RMU) |
| ) v. ) ) | |
| STEPHEN L. JOHNSON, in his capacity as Administrator, United States Environmental Protection Agency (EPA), 1101A, EPA Headquarters, Ariel Rios Building, 1200 Pennsylvania Avenue, NW, Washington, DC 20460 ) ) ) ) ) ) ) ) | |
| Defendant. ) | |

## ANSWER

Defendant Stephen L. Johnson, Administrator United States Environmental Protection Agency, ("EPA") hereby answers the claims and allegations in the First Amended Complaint of Kentuckians for the Commonwealth, et al.

### I. INTRODUCTION

1. Paragraph 1 characterizes the nature of Plaintiffs' claims and therefore requires no response. Paragraph 1 also contains legal conclusions to which no response is required. To the extent that the allegations in Paragraph 1 characterize relevant portions of the Clean Air Act and these characterizations are inconsistent with the Clean Air Act, the Administrator denies the allegations. The Administrator is without sufficient knowledge to form a belief as to the truth of the allegations contained in the last sentence of Paragraph 1 and, thus, those allegations are denied pursuant to Fed. R. Civ. Proc. 8(b).

## II.  JURISDICTION, VENUE, and NOTICE

2.      The first sentence of Paragraph 2 characterizes the nature of Plaintiff's lawsuit and thus requires no response.  The second sentence of Paragraph 2 contains legal conclusions and thus requires no response.

3.      Paragraph 3 contains legal conclusions and thus requires no response.

4.      The Administrator admits that he officially resides in the District of Columbia.  The remainder of Paragraph 4 consists of legal conclusions and thus requires no response.

5.      The Administrator admits that it received written notice of intent to sue regarding the violations alleged in this Complaint with respect to coal preparation plants and nonmetallic mineral processing plants more than sixty days ago and that it has not acted to remedy the violations alleged in this complaint.  To the extent that the remainder of Paragraph 5 contains conclusions of law, no response is required.

## III.  PARTIES

6.      The Administrator is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 6 and, thus, those allegations are denied pursuant to Fed. R. Civ. Proc. 8(b).

7.      The Administrator is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 7 and, thus, those allegations are denied pursuant to Fed. R. Civ. Proc. 8(b).

8.      The Administrator is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 8 and, thus, those allegations are denied pursuant to Fed. R. Civ. Proc. 8(b).

9.      The first sentence of Paragraph 9 characterizes Plaintiffs' claim and thus requires no

response. The Administrator is without sufficient knowledge to form a belief as to the truth of the allegations contained in the remainder of Paragraph 9 and, thus, those allegations are denied pursuant to Fed. R. Civ. Proc. 8(b).

10.     Paragraph 10 contains legal conclusions and thus requires no response.

11.     The Administrator admits the allegation in the first sentence of Paragraph 11. The second sentence of Paragraph 11 contains legal conclusions and thus requires no response.

### IV. CLEAN AIR ACT REQUIREMENTS

12.     Paragraph 12 cites a statute which speaks for itself and is the best evidence of its content and, thus, no response is required. To the extent that Paragraph 12 contains characterizations that are inconsistent with that statute, the Administrator denies the allegations.

13.     Paragraph 13 cites a statute which speaks for itself and is the best evidence of its content and, thus, no response is required. To the extent that Paragraph 13 contains characterizations that are inconsistent with that statute, the Administrator denies the allegations.

14.     Paragraph 14 cites a statute which speaks for itself and is the best evidence of its content and, thus, no response is required. To the extent that Paragraph 14 contains characterizations that are inconsistent with that statute, the Administrator denies the allegations.

15.     Paragraph 15 cites a statute which speaks for itself and is the best evidence of its content and, thus, no response is required. To the extent that Paragraph 15 contains characterizations that are inconsistent with that statute, the Administrator denies the allegations.

16. Paragraph 16 cites a statute which speaks for itself and is the best evidence of its content and, thus, no response is required. To the extent that Paragraph 16 contains characterizations that are inconsistent with that statute, the Administrator denies the allegations.

17. Paragraph 17 cites a statute which speaks for itself and is the best evidence of its content and, thus, no response is required. To the extent that Paragraph 17 contains characterizations that are inconsistent with that statute, the Administrator denies the allegations.

## V. COAL PREPARATION PLANTS

18. Paragraph 18 cites regulations which speak for themselves and are the best evidence of their content and, thus, no response is required. To the extent that Paragraph 18 contains characterizations that are inconsistent with these regulations, the Administrator denies the allegations.

19. Paragraph 19 cites Federal Register notices which speak for themselves and are the best evidence of their content and, thus, no response is required. To the extent that Paragraph 19 contains characterizations that are inconsistent with those documents, the Administrator denies the allegations.

20. The Administrator admits that EPA did not review the Coal Preparation Plant NSPS in 1997 or since. The remainder of Paragraph 20 contains legal conclusions which require no response.

21. Paragraph 21 contains both legal conclusions and factual predictions. The legal conclusions require no response. The Administrator is without sufficient knowledge to form a belief as to the truth of the predictions contained in Paragraph 21 and, thus, those allegations are denied pursuant to Fed. R. Civ. Proc. 8(b).

22. The Administrator admits that EPA has not made a determination that review of the NSPS for coal preparation plants is inappropriate in light of readily available information on the efficacy of the current NSPS. The remainder of Paragraph 22 contains legal conclusions which require no response.

23. Paragraph 23 cites regulations and other documents which speak for themselves and are the best evidence of their contents and, thus, no response is required. To the extent that Paragraph 23 contains characterizations that are inconsistent with those regulations and documents, the Administrator denies the allegations. The Administrator is without sufficient knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 23 and, thus, those allegations are denied pursuant to Fed. R. Civ. Proc. 8(b).

24. Paragraph 24 cites a document which speaks for itself and is the best evidence of its contents and, thus, no response is required. To the extent that Paragraph 24 contains characterizations that are inconsistent with that document, the Administrator denies the allegations. The Administrator is without sufficient knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 24 and, thus, those allegations are denied pursuant to Fed. R. Civ. Proc. 8(b).

25. Paragraph 25 cites a document which speaks for itself and is the best evidence of its contents and, thus, no response is required. To the extent that Paragraph 25 contains characterizations that are inconsistent with that document, the Administrator denies the allegations. The Administrator is without sufficient knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 25 and, thus, those allegations are denied pursuant to Fed. R. Civ. Proc. 8(b).

26. Paragraph 26 cites a statute which speaks for itself and is the best evidence of its contents and, thus, no response is required. To the extent that Paragraph 26 contains characterizations that are inconsistent with that statute, the Administrator denies the allegations. The remainder of Paragraph 26 contains conclusions of law and, thus, no response is required.

27. Paragraph 27 cites a document which speaks for itself and is the best evidence of its contents and, thus, no response is required. To the extent that Paragraph 27 contains characterizations that are inconsistent with that document, the Administrator denies the allegations. To the extent that Paragraph 27 characterizes Plaintiffs' disappointment, the Administrator is without knowledge to form a belief as to the truth of the disappointment and, thus, those allegations are denied pursuant to Fed. R. Civ. Proc. 8(b).

## VI.  NONMETALLIC MINERAL PROCESSING PLANTS

28. Paragraph 28 cites regulations which speak for themselves and are the best evidence of their contents and, thus, no response is required. To the extent that Paragraph 28 contains characterizations that are inconsistent with those regulations, the Administrator denies the allegations. The Administrator is without sufficient knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 28 and, thus, those allegations are denied pursuant to Fed. R. Civ. Proc. 8(b).

29. Paragraph 29 cites a regulation which speaks for itself and is the best evidence of its content and, thus, no response is required. To the extent that Paragraph 29 contains characterizations that are inconsistent with that regulation, the Administrator denies the allegations.

30.     Paragraph 30 cites Federal Register notices which speak for themselves and are the best evidence of their contents and, thus, no response is required. To the extent that Paragraph 30 contains characterizations that are inconsistent with those documents, the Administrator denies the allegations.

31.     The administrator admits that EPA did not review the NSPS for nonmetallic mineral processing plants in June 2005, and has not reviewed those standards since June 2005. The remainder of Paragraph 20 contains legal conclusions which require no response.

32.     Paragraph 32 contains both legal conclusions and factual predictions. The legal conclusions require no response. The Administrator is without sufficient knowledge to form a belief as to the truth of the predictions and, thus, those allegations are denied pursuant to Fed. R. Civ. Proc. 8(b).

33.     The Administrator admits that EPA has not made a determination that review of the NSPS for nonmetallic mineral processing plants is inappropriate in light of readily available information on the efficacy of the current NSPS. The remainder of Paragraph 33 contains legal conclusions which require no response.

34.     Paragraph 34 cites regulations and other documents which speak for themselves and are the best evidence of their contents and, thus, no response is required. To the extent that Paragraph 34 contains characterizations that are inconsistent with the regulations and documents they cite, the Administrator denies the allegations. The Administrator is without sufficient knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 34 and, thus, those allegations are denied pursuant to Fed. R. Civ. Proc. 8(b).

35.	Paragraph 35 cites a document which speaks for itself and is the best evidence of their contents and, thus, no response is required.  To the extent that Paragraph 35 contains characterizations that are inconsistent with that document, the Administrator denies the allegations. The Administrator is without sufficient knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 35 and, thus, those allegations are denied pursuant to Fed. R. Civ. Proc. 8(b).

36.	Paragraph 36 cites a statute which speaks for itself and is the best evidence of its contents and, thus, no response is required.  To the extent that Paragraph 36 contains characterizations that are inconsistent with the statute, the Administrator denies the allegations.   The remainder of Paragraph 36 contains conclusions of law and, thus, no response is required.

37.	Paragraph 37 cites a document which speaks for itself and is the best evidence of its contents and, thus, no response is required.  To the extent that Paragraph 37 contains characterizations that are inconsistent with that document, the Administrator denies the allegations.  To the extent that Paragraph 27 characterizes Plaintiffs' disappointment, the Administrator is without knowledge to form a belief as to the truth of the disappointment and, thus, those allegations are denied pursuant to Fed. R. Civ. Proc. 8(b).

VII.  CLAIMS FOR RELIEF

FIRST CLAIM FOR RELIEF
(CAA Sections 111(b)(1)(B) & 307(d))

38.	The Administrator incorporates by reference its responses to Paragraphs 1-37.

39. The Administrator admits that it has not reviewed the NSPS for coal preparation plants since 1989. The Administrator admits that is has not published a Federal Register notice as described in the last sentence of Paragraph 39. Paragraph 39 cites a statute which speaks for itself and is the best evidence of its content. To the extent that Paragraph 39 contains characterizations that are inconsistent with the statute, the Administrator denies the allegations. The remainder of Paragraph 39 contains legal conclusions to which no response is required.

40. Paragraph 40 contains legal conclusions which require no response.

### (ALTERNATIVE) SECOND CLAIM FOR RELIEF
(Administrative Procedure Act Section 706(1))

41. The Administrator incorporates by reference its responses to Paragraphs 1-40.

42. The Administrator admits that it has not reviewed the NSPS for coal preparation plants since 1989. The Administrator admits that is has not published a Federal Register notice as described in the last sentence of Paragraph 42. Paragraph 42 cites a statute which speaks for itself and is the best evidence of its content. To the extent that Paragraph 42 contains characterizations that are inconsistent with the statute, the Administrator denies the allegations. The remainder of Paragraph 42 contains legal conclusions to which no response is required.

43. Paragraph 43 contains a legal conclusion to which no response is required.

### THIRD CLAIM FOR RELIEF
(CAA Sections 111(b)(1)(B) & 307(d))

44. The Administrator incorporates by reference its responses to Paragraphs 1-43.

45.     The Administrator admits that it has not reviewed the NSPS for nonmetallic mineral processing plants since 1997. The Administrator admits that is has not published a Federal Register notice as described in the last sentence of Paragraph 45. Paragraph 45 cites a statute which speaks for itself and is the best evidence of its content. To the extent that Paragraph 45 contains characterizations that are inconsistent with the statute, the Administrator denies the allegations. The remainder of Paragraph 45 contains legal conclusions to which no response is required.

46.     Paragraph 46 contains a legal conclusion to which no response is required.

(ALTERNATIVE) FOURTH CLAIM FOR RELIEF
(Administrative Procedure Act Section 706(1))

47.     The Administrator incorporates by reference its responses to Paragraphs 1-46.

48.     The Administrator admits that it has not reviewed the NSPS for nonmetallic mineral processing plants since 1997. The Administrator admits that is has not published a Federal Register notice as described in the last sentence of Paragraph 48. Paragraph 48 cites a statute which speaks for itself and is the best evidence of its content. To the extent that Paragraph 48 contains characterizations that are inconsistent with the statute, the Administrator denies the allegations. The remainder of Paragraph 48 contains legal conclusions to which no response is required.

49.     Paragraph 49 contains a legal conclusion to which no response is required.

PRAYER FOR RELIEF

The Administrator denies Plaintiffs are entitled to the relief requested in the Complaint.

DATED: April 24, 2006          Respectfully submitted,

         SUE ELLEN WOOLDRIDGE
         Assistant Attorney General
         Environment & Natural Resources Division

         _____/S/_____
         AMMIE ROSEMAN-ORR
         TODD GLEASON
         United States Department of Justice
         Environmental Defense Section
         P.O. Box 23986
         Washington, D.C.  20026-3986
         Phone (202) 616-7501
         Fax (202) 514-8865
         ammie.roseman-orr@usdoj.gov

         *Attorneys for EPA*

OF COUNSEL

     SONJA RODMAN
     U.S. Environmental Protection Agency
     Office of General Counsel
     1200 Pennsylvania Avenue, NW (MC 2344A)
     Washington, DC  20460

     SUSAN STAHLE
     U.S. Environmental Protection Agency
     Office of General Counsel
     1200 Pennsylvania Avenue, NW (MC 2344A)
     Washington, DC  20460

CERTIFICATE OF SERVICE

I certify that on April 24, 2006, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

    Robert Ukeiley
    LAW OFFICE OF ROBERT UKEILEY
    433 Chestnut Street
    Berea, KY 40403
    859-986-5402
    rukeiley@igc.org
    *Attorney for Plaintiffs*

                                                _____/S/_____
                                                Ammie Roseman-Orr