UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENTUCKIANS FOR THE COMMONWEALTH, <br><br> FRIENDS OF THE CHATTAHOOCHEE, <br><br> and <br><br> SIERRA CLUB <br><br> Plaintiffs, <br><br> vs. <br><br> STEPHEN L. JOHNSON <br> Administrator <br> United States Environmental Protection Agency <br><br> Defendant. | Civ. No. 06CV00184 (RMU) <br><br> FILED <br> OCT 16 2006 <br> NANCY MAYER WHITTINGTON, CLERK <br> U.S. DISTRICT COURT |

**CONSENT DECREE**

WHEREAS, Plaintiffs, Kentuckians for the Commonwealth, Friends of the Chattahoochee and Sierra Club filed their Complaint (Civil Case No. 1:06cv00184 (RMU)) on February 2, 2006 and their First Amended Complaint on April 14, 2006 pursuant to Section 304(a)(2) of the Clean Air Act ("CAA" or "the Act"), 42 U.S.C. § 7604(a)(2).

WHEREAS, Plaintiffs' First Amended Complaint alleged that Defendant Stephen L. Johnson in his official capacity as Administrator of the United States Environmental Protection Agency (hereinafter "the Administrator"), has failed to perform non-discretionary duties to review, and if appropriate, revise the New Source Performance

1

Standards ("NSPS") for nonmetallic mineral processing plants ("Subpart OOO") and for coal preparation plants ("Subpart Y") as required by CAA Section 111(b), 42 U.S.C. § 7411(b)(1)(B), and to publish notice of such action in the Federal Register as required by CAA Section 307(d), 42 U.S.C. § 7607(d).

WHEREAS, pursuant to Section 111(b)(1)(B) of the Act, 42 U.S.C. § 7411(b)(1)(B), every eight years the Administrator is required to review and, if appropriate, revise each NSPS standard of performance unless the Administrator determines that such review is not appropriate in light of readily available information on the efficacy of such standard.

WHEREAS, pursuant to Section 111(a)(1) of the Act, 42 U.S.C. § 7411(a)(1), the term "standard of performance" means "a standard for emissions of air pollutants which reflects the degree of emission limitation achievable through the application of the best system of emission reduction which (taking into account the cost of achieving such reduction and any nonair quality health and environmental impact and energy requirements) the Administrator determines has been adequately demonstrated."

WHEREAS, Plaintiffs and the Administrator (collectively "the Parties") wish to effectuate a settlement of the above-captioned matter, including Plaintiffs' claims for costs of litigation and reasonable attorneys' fees, without expensive and protracted litigation.

WHEREAS, the Parties consider this Decree to be an adequate and equitable resolution of the claims in the above-captioned matter.

WHEREAS, the Court, by entering this Decree, finds that the Decree is fair, reasonable, in the public interest, and consistent with the CAA, 42 U.S.C. §§ 7401 et seq.

NOW THEREFORE, before the taking of testimony, without trial or determination of any issue of fact or law, and upon the consent of the Parties, it is hereby **ORDERED, ADJUDGED and DECREED** that:

1.  This Court has subject matter jurisdiction over the claims set forth in the First Amended Complaint and to order the relief contained in this Decree. Venue is proper in the United States District Court for the District of Columbia.

2.  Within eighteen (18) months of entry of this Decree, the appropriate EPA official shall sign, and within 10 business days of signing, forward to the <u>Federal Register</u> for publication one or a combination of the following: (a) a proposed or final determination under CAA Section 111(b)(1)(B), 42 U.S.C. § 7411(b)(1)(B), that review of NSPS Subpart OOO is "not appropriate in light of readily available information on the efficacy of such standard;" (b) a proposed determination under CAA Section 111(b)(1)(B), 42 U.S.C. § 7411(b)(1)(B), that based on a complete review of NSPS Subpart OOO, revision is not appropriate; or (c) a proposed rule containing revisions to NSPS Subpart OOO based on the procedure required by CAA Section 111(b), 42 U.S.C. § 7411(b).

3.  Within eighteen (18) months of entry of this Decree, the appropriate EPA official shall sign, and within 10 business days of signing, forward to the <u>Federal Register</u> for publication one or a combination of the following: (a) a proposed or final determination under CAA Section 111(b)(1)(B), 42 U.S.C. § 7411(b)(1)(B), that review of NSPS Subpart Y is "not appropriate in light of readily available information on the efficacy of such standard;" (b) a proposed determination under CAA Section 111(b)(1)(B), 42 U.S.C. § 7411(b)(1)(B), that based on a complete review of NSPS

Subpart Y, revision is not appropriate; or (c) a proposed rule containing revisions to NSPS Subpart Y based on the procedure required by CAA Section 111(b), 42 U.S.C. § 7411(b).

4.  Within thirty (30) months from the date of entry of this Decree, the appropriate EPA official shall sign, and within 10 business days of signing, forward to the Federal Register for publication, one or a combination of the following: (a) a final determination under CAA Section 111(b)(1)(B), 42 U.S.C. § 7411(b)(1)(B), that review of NSPS Subpart OOO is "not appropriate in light of readily available information on the efficacy of such standard;" (b) a final determination under CAA Section 111(b)(1)(B), 42 U.S.C. § 7411(b)(1)(B), that based on a complete review of NSPS Subpart OOO, revision is not appropriate; or (c) a final rule containing revisions to NSPS Subpart OOO based on the procedure required by CAA Section 111(b), 42 U.S.C. § 7411(b).

5.  Within thirty (30) months from the date of entry of this Decree, the appropriate EPA official shall sign, and within 10 business days of signing, forward to the Federal Register for publication, one or a combination of the following: (a) a final determination under CAA Section 111(b)(1)(B), 42 U.S.C. § 7411(b)(1)(B), that review of NSPS Subpart Y is "not appropriate in light of readily available information on the efficacy of such standard;" (b) a final determination under CAA Section 111(b)(1)(B), 42 U.S.C. § 7411(b)(1)(B), that based on a complete review of NSPS Subpart Y, revision is not appropriate; or (c) a final rule containing revisions to NSPS Subpart Y based on the procedure required by CAA Section 111(b), 42 U.S.C. § 7411(b).

6.  Any provision of this Decree may be modified by (a) written stipulation of the Parties with notice to the Court, or (b) by the Court following motion of any party to

this Decree, pursuant to the Federal Rules of Civil Procedure, and upon consideration of any response by the non-moving party.

7. Plaintiffs and the Administrator shall not challenge the terms of this Decree or this Court's jurisdiction to enter and enforce this Decree. Upon entry, no party shall challenge the terms of this Decree.

8. The deadline for filing a motion for costs of litigation (including attorneys' fees) for activities performed prior to execution of this Decree is hereby extended until 100 days after this Decree is entered by the Court. During this 100-day period, the Parties shall seek to resolve informally any claim for costs of litigation (including attorneys' fees), and if they cannot, will submit that issue to the Court for resolution. Nothing in this paragraph shall be construed as an admission or concession by the Administrator that Plaintiffs are entitled to or eligible for recovery of any costs or attorneys' fees.

9. Except as provided herein, nothing in this Decree shall be construed to limit or modify any discretion accorded the Administrator by the CAA or by general principles of administrative law in taking the actions which are the subject of this Decree.

10. Nothing in this decree shall be construed as an admission of any issue of fact or law.

11. Nothing in this Decree shall be construed to confer upon the district court jurisdiction to review any final decision made by the Administrator pursuant to this Decree. Nothing in this Decree shall be construed to confer upon the district court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Courts of Appeals pursuant to CAA Section 307 (b)(1), 42 U.S.C. § 7607(b)(1).

Nothing in the terms of this Decree shall be construed to waive any remedies or defenses the Parties may have under CAA Section 307(b)(1), 42 U.S.C. § 7607(b)(1).

12. The obligations imposed upon the Administrator under this Decree can only be undertaken using appropriated funds. No provision of this Decree shall be interpreted as or constitute a commitment or requirement that the Administrator obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable federal statute.

13. Any notices required or provided for by this Decree shall be made in writing, via facsimile or other means, and sent to the following:

For Plaintiffs:

ROBERT UKEILEY
Law Office of Robert Ukeiley
433 Chestnut Street
Berea, KY 40403
Fax: (859) 986-1299


For Defendant:

AMMIE ROSEMAN-ORR
TODD GLEASON
United States Department of Justice
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
Fax (202) 514-8865

SUSAN STAHLE
U.S. Environmental Protection Agency
Office of General Counsel
ARN: MC-2344A
1200 Pennsylvania Ave., N.W.
Washington, DC 20460
Fax: (202) 564-5603

14. In the event of a dispute between the Parties concerning the interpretation or implementation of any aspect of this Decree, the disputing party shall provide the other Parties with a written notice outlining the nature of the dispute and requesting informal negotiations. If the Parties cannot reach an agreed-upon resolution within five (5) business days after receipt of the notice, any party may move the Court to resolve the dispute.

15. The Court shall retain jurisdiction to determine and effectuate compliance with this Decree. When the Administrator's obligations under Paragraphs 2 through 5 have been completed, and the Plaintiffs' claims for costs of litigation have been resolved pursuant to the process described in Paragraph 8, the above-captioned matter shall be dismissed with prejudice. The Parties shall file the appropriate notice with the Court so that the Clerk may close the file.

16. The undersigned representatives of each Party certify that they are fully authorized by the Party they represent to bind that Party to the terms of this Decree.

COUNSEL FOR PLAINTIFFS:

Dated: __October 13__, 2006

Respectfully submitted,


    /S/Robert Ukeiley
Robert Ukeiley (MD14062)
Law Office of Robert Ukeiley
433 Chestnut Street
Berea, KY 40403
Tel: (859) 986-5402
Fax: (859) 986-1299
E-mail: rukeiley@igc.org
COUNSEL FOR DEFENDANT:

Dated: October 13, 2006

Respectfully submitted,

Sue Ellen Wooldridge
Assistant Attorney General
Env. & Natural Resources Division


   /S/   Ammie Roseman-Orr
AMMIE ROSEMAN-ORR
TODD GLEASON
United States Department of Justice
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
Phone (202) 616-7501
Fax (202) 514-8865
ammie.roseman-orr@usdoj.gov

Of Counsel for Defendant:
SUSAN STAHLE
U.S. Environmental Protection Agency
Office of General Counsel
ARN: MC-2344A
1200 Pennsylvania Ave., N.W.
Washington, DC 20460



**SO ORDERED.**

Dated: __10/16/__, 2006

_____
RICARDO M. URBINA
United States District Judge